**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

GREGORY MOORE,

      Plaintiff,

CASE NO. 07-CV-14640

v.

DISTRICT JUDGE VICTORIA A ROBERTS
MAGISTRATE JUDGE CHARLES BINDER

UNITED STATES OF AMERICA,
C. EICHENLAUB, *Warden*,
W. MALATINSKY, *Clinical Director*,

      Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RECOMMENDING PARTIAL *SUA SPONTE* DISMISSAL
PURSUANT TO 28 U.S.C. 1915A(b)(1)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's claims against Defendant Eichenlaub and Defendant Malatinsky be *sua sponte* **DISMISSED** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1), and that **THE CASE PROCEED** solely on Plaintiff's claim against the United States under the Federal Torts Claim Act, 28 U.S.C. § 1346(b).

**II.    REPORT**

    **A.    Introduction and Facts**

This prisoner case was referred by United States District Judge Victoria A. Roberts to the undersigned magistrate judge for pretrial case management. (Dkt. 5.) Plaintiff is an inmate in the

custody of the Milan Federal Correctional Institution in Milan, Michigan. After screening the *pro se* complaint, I find that the case is ready for Report and Recommendation.

**B.     Governing Law**

This case is subject to screening under two provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 911, 166 L. Ed. 2d 798 (2007) (the Prison Litigation Reform Act "mandates early judicial screening of prisoner complaints . . . ").

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J. H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* ___U.S.___, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

### C. Allegations in the Complaint

Plaintiff alleges that, "since 1996, health care providers at various federal prisons . . . have been negligent in failing to provide Plaintiff with the medical treatment that was ordered and recommended by Orthopedic Specialists . . . ." (Compl., Dkt. 1 at 3.) He avers that, as a result of this negligence, he has suffered great physical pain in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. (*Id*.) Plaintiff gives the details of the procedures recommended by specialists:

> In 1999, Consulting Orthopedic Doctor Robert O. Bateman diagnosed and recommended that Plaintiff will need a total shoulder replacement. In 2001, Consulting Doctor G. Mina M.D. examined Plaintiff and recommended "This inmate will require an ankle orthrodesis, and a left shoulder heuriarthroplasty." In 2000, Dr. Mina again examined Plaintiff and determined that there was no change in his shoulder condition and eventually Plaintiff would need an ankle fusion.

(*Id*. at 4.)

Plaintiff has named the United States, the warden of FCI Milan (C. Eichenlaub), and the prison's clinical director (W. Malatinsky) as defendants. He is suing the United States under the Federal Torts Claim Act ("FTCA") for the negligent acts of its officers and employees. (*Id*. ¶ 12.) He is suing Defendants Eichenlaub and Malatinsky for violating his Eighth Amendment rights, alleging that they were deliberately indifferent to his serious medical needs. (*Id*. ¶ 13.)

Plaintiff seeks compensatory damages, punitive damages, and the costs of all necessary medical treatment. (*Id*. ¶¶ 15-16.)

## D. *Bivens* Claims Against Defendants Eichenlaub & Malatinsky

A plaintiff may sue an individual employee of the federal government for constitutional violations under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). Under *Bivens*, Plaintiff must show that he has suffered as a result of a federal agent's violation of the U.S. Constitution. *See Baranski v. Fifteen Unknown Agents*, 452 F.3d 433, 438 (6th Cir. 2006) (en banc).

The Supreme Court held in *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976), that the deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain in violation of the Cruel and Unusual Punishments Clause of the Eighth Amendment to the Constitution. Nevertheless, "[d]eliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001.)

The standard for deliberate indifference is two-pronged, consisting of both a subjective and an objective element. *Wilson v. Seiter*, 501 U.S. 294, 111 S. Ct. 2321, 2323, 115 L. Ed. 2d 271, 279 (1991). In order to satisfy the objective component of an Eighth Amendment claim, the plaintiff must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed.2d 811 (1994), or that he has been deprived of the "minimal civilized measure of life's necessities," *Wilson*, 501 U.S. at 298 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981)). Thus, mere inadequate medical treatment is not sufficient to state a violation of the Eighth Amendment. In *Estelle,* the Supreme Court explained that

> a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely

because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted).

As recognized in *Estelle*, differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnoses or treatment are insufficient to state a deliberate indifference claim. *See Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995). The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in . . . tort law." *Id. See Banuelos v. McFarland*, 41 F.3d 232 (5th Cir. 1995) ("disagreement between an inmate and his physician concerning whether certain medical care was appropriate is actionable . . . only if there were exceptional circumstances").

In this case, Plaintiff not only received "some" medical attention from the prison healthcare provider, but was also taken to several appointments with outside specialists. Furthermore, his complaint explicitly alleges negligence. (*See* Compl. ¶ 1, stating that "[t]his civil action arises out of the negligent acts of the Federal Bureau of Prisons employee's acting within the scope of their employment"; Compl. ¶ 10, alleging that Defendants Eichenlaub and Malatinsky were "negligent in failing to provide Plaintiff with the medical treatment that was ordered and recommended by Orthopedic Specialists . . . .")

Accordingly, because Plaintiff's claims regarding his disagreement with the medical treatment he received do not rise to the level of a constitutional violation, I recommend that

Plaintiff's claims against Defendants Eichenlaub and Malatinsky be *sua sponte* dismissed for failure to state a claim upon which relief can be granted.

### E. Claim Brought Pursuant to the Federal Torts Claim Act

The Federal Torts Claim Act ("FTCA") provides a limited waiver of sovereign immunity making the United States liable for injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b).

Construing the complaint liberally, I suggest that Plaintiff has alleged facts that could support a claim under the FTCA. Moreover, in order for this Court to exercise jurisdiction over a claim brought pursuant to the FTCA, Plaintiff must have first presented the claim, in writing and within two years after its accrual, to the appropriate federal agency, *see* 28 U.S.C. §§ 2401(b), 2675(a), and Plaintiff alleges that he "exhausted the Administrative Remedy requirements under Title 28 U.S.C. § 2675(a) of the Federal Tort Claim Act . . . ." (Compl., Dkt. 1 ¶ 9.)

Therefore, I suggest that the FTCA claim is not subject to *sua sponte* dismissal and that the case should proceed on the basis of this claim only.

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are

advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                  s/ *Charles E Binder*
                                                  CHARLES E. BINDER
Dated: August 12, 2008                      United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served on Gregory Moore by First-Class Mail and served on U.S. District Judge Roberts in the traditional manner.

Dated:   August 12, 2008        By     s/Mimi D. Bartkowiak
                                                     Law Clerk to Magistrate Judge Binder