**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GREGORY MOORE,

        Plaintiff(s),        CASE NUMBER: 07-14640
                                        HONORABLE VICTORIA A. ROBERTS

v.

UNITED STATES OF AMERICA,
C. EICHENLAUB, Warden, and
W. MALATINSKY, Clinical Director,

        Defendant(s).
_____/

**ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

This matter is before the Court on Magistrate Judge Charles Binder's Report and Recommendation ("R&R") that recommends the *sua sponte* dismissal of Plaintiff Gregory Moore's ("Moore") Complaint in part. (Doc. #6). Magistrate Binder recommends the Court: (1) dismiss Moore's Complaint against Defendants C. Eichenlaub ("Eichenlaub") and W. Malatinsky ("Malatinsky") for failure to state a claim upon which relief can be granted; and (2) allow Moore's claim against Defendant The United States of America ("United States") to proceed under the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §1346(b).

Moore objects to the recommendation that his claim against Eichenlaub and Malatinsky be dismissed.

The Court **ADOPTS** the R&R.

1

## II. BACKGROUND

Moore is an inmate at the Milan Correctional Institution. Moore says: (1) Dr. Robert O. Bateman ("Dr. Bateman"), an Orthopedic doctor, recommended he receive a total shoulder replacement in 1999; (2) in 2000, consulting Dr. G. Mina ("Dr. Mina") informed Moore he would eventually need an ankle fusion; and (3) in 2001, Dr. Mina recommended an ankle arthrodesis and a left shoulder hemiarthroplasty.

Moore did not receive the recommended medical treatment.

On October 30, 2007, Moore filed a Complaint against the United States under the Federal Tort Claim Act. He also sued Eichenlaub and Malatinsky in their individual and personal capacities pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for violation of his Eighth Amendment rights.

The Complaint alleges Defendants subjected him to cruel and unusual punishment by denying him access to necessary medical treatment. Moore says Defendants caused him: (1) serious physical injury; (2) partial loss of mobility; (3) excruciating pain and suffering; and (4) mental and emotional trauma. He says they failed to allow him surgery that orthopedic doctors said he must have.

Moore seeks $1 million in damages from the United States for physical and psychological injury plus the cost of medical treatment. Moore seeks $200,000 in compensatory damages and $100,000 in punitive damages from Eichenlaub and Malatinsky plus attorney fees and costs.

## III. APPLICABLE LAW AND ANALYSIS

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment."

2

*Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). It can be manifested by prison doctors in response to a prisoner's medical needs or by prison guards in intentionally denying or delaying access to medical care. *Gamble*, 429 U.S. at 104-05.

However, not every claim by a prisoner that he did not receive adequate medical treatment constitutes a violation of the Eighth Amendment. *Id.* at 105.

A claim for deliberate indifference contains an objective and a subjective component. *Mabry v. Antonini*, 2008 WL 3820478 at *3 (6th Cir. Aug. 13, 2008).

### A. Objective Component

The objective component requires Moore to show a "sufficiently serious" medical need. *See id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A "sufficiently serious" medical need is one that a physician has diagnosed as requiring mandatory treatment or one that a lay person would easily recognize as needing a doctor's attention. *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (citations omitted).

Even when the Court construes Moore's Complaint liberally and holds it to a less stringent standard than a pleading drafted by an attorney, *See Haines v. Kerner*, 404 U.S. 519, 520 (1972), Moore does not meet his burden to prove a physician ordered that Moore have surgery on his shoulder and ankle.

Dr. Mina said Moore would *eventually* need an ankle fusion and *recommended* an ankle arthrodesis and a left shoulder hemiarthroplasty. Dr. Bateman *recommended* a total shoulder replacement.

On the other hand, Moore's allegation that his injuries resulted in "partial loss of his mobility or his ability to walk and move about naturally" is some evidence Moore

3

suffered a "sufficiently serious" medical need. If a lay person saw the way in which Moore walked, he or she could easily recognize that Moore needs medical attention.

### B. Subjective Component

In addition to satisfying the objective component, Moore must prove the subjective component as well.

The subjective component requires Moore to allege facts that show "the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). The Court may use circumstantial evidence to draw the inference that prison officials had the requisite knowledge. *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 842 (1994)).

Moore says Eichenlaub and Malatinsky have the reports from Dr. Mina and Dr. Bateman, and they, therefore, knew Moore would face substantial risk of additional physical injury if he did not undergo surgery. According to Moore, Eichenlaub and Malatinsky are liable for disregarding that risk.

The Court disagrees.

Dr. Mina and Dr. Bateman's reports simply recommend surgery. Moore does not allege the reports inform Eichenlaub and Malatinsky that his condition will exacerbate absent surgery.

Further, Moore received medical attention from the prison healthcare provider and attended several appointments with outside specialists. There is a difference between cases in which the complaint alleges a complete denial of medical care and

4

those in which the claim is that a prisoner received inadequate medical treatment. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (citations omitted). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claim which sound in state tort law." *Id.* (citations omitted).

Moore cannot succeed on the subjective component. The Magistrate Judge correctly concluded that at best, Moore states a claim only under the FTCA.

## IV. CONCLUSION

The Court **ADOPTS** the Magistrate's R&R.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: October 22, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and Gregory Moore by electronic means or U.S. Mail on October 22, 2008.

s/Carol A. Pinegar
Deputy Clerk